

FILED

AUG 2 0 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILI IN
EAST ST. LOUIS OFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )  Criminal No. 20-30117-SMY
vs.                              )
                                 )  Title 18, United States Code, Section 1343
KATHLEEN M. DVORAK,              )  & 1344(2)
                                 )
        Defendant.               )
                                 )

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
### Wire Fraud – 18 U.S.C. § 1343

1.  At times material to this indictment:

    a.  Defendant KATHLEEN M. DVORAK ("DVORAK") was a resident of O'Fallon, Illinois.

    b.  DVORAK worked as a bookkeeper for an individual with the initials "T.B."

    c.  DVORAK's responsibilities as T.B's bookkeeper included writing checks on T.B.'s bank accounts to pay his expenses, depositing checks T.B. received from his employment into his bank accounts, and recording T.B.'s income and expenses in an electronic accounting software program known as QuickBooks.

    d.  Commerce Bancshares, Inc., doing business as Commerce Bank, was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

   e. Regions Financial Corporation, doing business as Regions Bank, was a financial institution, the deposits of which were insured by the FDIC.

   f. PNC Bank was a financial institution, the deposits of which were insured by the FDIC.

  2. From at least October 4, 2012, through at least June 28, 2019, in St. Clair County, within the Southern District of Illinois, and elsewhere,

KATHLEEN M. DVORAK,

defendant herein, knowingly devised and engaged in a scheme to defraud T.B., and to obtain money, funds, and property belonging to T.B. by means of materially false and fraudulent pretenses, representations, and promises.

  3. It was the object of the scheme that DVORAK obtained more than $1,000,000 in funds belonging to T.B. that she was not entitled to receive.

  4. DVORAK wrote numerous checks, payable to herself, drawn on T.B.'s bank accounts at Commerce Bank and PNC Bank. Although she was a signatory on T.B.'s Commerce Bank and PNC Bank accounts, DVORAK forged T.B.'s signature on these checks in order to conceal her fraud from the banks.

  5. DVORAK frequently presented those checks for payment at Regions Bank and deposited some of the funds into her personal accounts.

  6. DVORAK concealed her fraud from T.B. by making false, fraudulent, and misleading entries into the QuickBooks program. For some of the checks she wrote to herself, DVORAK entered false and fictitious vendors as the payees in the QuickBooks program. For other checks she wrote to herself, DVORAK duplicated the payee names from other checks, making it appear that that payee had received two payments, when, in fact, the payee had received

only one payment. For still other checks she wrote to herself, DVORAK entered vague payee information into QuickBooks, such as "miscellaneous."

7.     On numerous occasions, when she deposited checks payable to T.B. into his accounts at Commerce Bank, DVORAK requested large amounts of cash back from the checks. DVORAK was not entitled to receive this cash. Although she was a signatory on T.B.'s Commerce Bank account, DVORAK forged T.B.'s signature on the deposit slips for these transactions in order to conceal her fraud from the bank.

8.     On at least one occasion, DVORAK transferred funds directly from one of T.B.'s accounts into one of her personal accounts.

9.     DVORAK used the funds she obtained from the checks she wrote to herself, and the cash she received back from the deposits of T.B.'s checks, for her own personal benefit and to pay her personal expenses.

10.     On or about November 5, 2015, in St. Clair County, within the Southern District of Illinois, and elsewhere,

## KATHLEEN M. DVORAK,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from St. Clair County, to Hoover, Alabama, that communication relating to the clearing of check number 7864, drawn on T.B.'s account at Commerce Bank, in the amount of $2,000, that DVORAK made payable to herself and presented for payment at Regions Bank;

In violation of Title 18, United States Code, Section 1343.

3

## COUNT TWO
### (Bank Fraud – 18 U.S.C. § 1344(2))

1. Paragraphs 1 and 4 through 9 of Count One of this indictment are realleged here.

2. From at least October 4, 2012, through at least June 28, 2019, in St. Clair County, within the Southern District of Illinois, and elsewhere,

KATHLEEN M. DVORAK,

defendant herein, knowingly devised and engaged in a scheme to obtain money, funds, and property, under the custody and control of Commerce Bank, by means of false and fraudulent pretenses, representations, and promises, which scheme is further described in paragraphs 4 through 9 of Count One.

3. On or about October 6, 2015, in St. Clair County, within the Southern District of Illinois,

KATHLEEN M. DVORAK,

defendant herein, knowingly executed her scheme by depositing into T.B.'s account at Commerce Bank only $11,098.40 of a $17,098.40 check made payable to T.B., and taking the remaining $6,000 back in cash;

In violation of Title 18, United States Code, Section 1344(2).

## COUNT THREE
### (Wire Fraud – 18 U.S.C. § 1343)

1. Paragraphs 1 through 9 of Count One of this indictment are realleged here.

2. On or about September 27, 2016, in St. Clair County, within the Southern District of Illinois, and elsewhere,

### KATHLEEN M. DVORAK,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from St. Clair County, to Hoover, Alabama, that communication relating to the clearing of check number 8073, drawn on T.B.'s account at Commerce Bank, in the amount of $2,500, that DVORAK made payable to herself and presented for payment at Regions Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR
### (Bank Fraud – 18 U.S.C. § 1344(2))

1.      Paragraphs 1 and 4 through 9 of Count One, and paragraph 2 of Count Two, of this indictment are realleged here.

2.      On or about October 28, 2016, in St. Clair County, within the Southern District of Illinois,

KATHLEEN M. DVORAK,

defendant herein, knowingly executed her scheme by depositing into T.B.'s account at Commerce Bank only $12,174.42 of a $20,174.42 check made payable to T.B., and taking the remaining $8,000 back in cash;

In violation of Title 18, United States Code, Section 1344(2).

## COUNT FIVE
### (Wire Fraud – 18 U.S.C. § 1343)

1. Paragraphs 1 through 9 of Count One of this indictment are realleged here.

2. On or about May 16, 2017, in St. Clair County, within the Southern District of Illinois, and elsewhere,

### KATHLEEN M. DVORAK,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from St. Clair County, to Hoover, Alabama, that communication relating to the clearing of check number 8175, drawn on T.B.'s account at Commerce Bank, in the amount of $5,000, that DVORAK made payable to herself and presented for payment at Regions Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX
### (Bank Fraud – 18 U.S.C. § 1344(2))

1. Paragraphs 1 and 4 through 9 of Count One, and paragraph 2 of Count Two, of this indictment are realleged here.

2. On or about November 16, 2017, in St. Clair County, within the Southern District of Illinois,

KATHLEEN M. DVORAK,

defendant herein, knowingly executed her scheme by depositing into T.B.'s account at Commerce Bank only $3,777.72 of a $11,777.72 check made payable to T.B., and taking the remaining $8,000 back in cash;

In violation of Title 18, United States Code, Section 1344(2).

## COUNT SEVEN
### (Bank Fraud – 18 U.S.C. § 1344(2))

1. Paragraphs 1 and 4 through 9 of Count One, and paragraph 2 of Count Two, of this indictment are realleged here.

2. On or about February 28, 2018, in St. Clair County, within the Southern District of Illinois,

### KATHLEEN M. DVORAK,

defendant herein, knowingly executed her scheme by depositing into T.B.'s account at Commerce Bank only $14,056.77 of a $22,056.67 check made payable to T.B., and taking the remaining $8,000 back in cash;

In violation of Title 18, United States Code, Section 1344(2).

## COUNT EIGHT
### (Wire Fraud – 18 U.S.C. § 1343)

1. Paragraphs 1 through 9 of Count One of this indictment are realleged here.

2. On or about September 4, 2018, in St. Clair County, within the Southern District of Illinois, and elsewhere,

### KATHLEEN M. DVORAK,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from St. Clair County, to Hoover, Alabama, that communication relating to the clearing of check number 8283, drawn on T.B.'s account at Commerce Bank, in the amount of $4,000, that DVORAK made payable to herself and presented for payment at Regions Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT NINE
### (Wire Fraud – 18 U.S.C. § 1343)

1. Paragraphs 1 through 9 of Count One of this indictment are realleged here.

2. On or about March 11, 2019, in St. Clair County, within the Southern District of Illinois, and elsewhere,

KATHLEEN M. DVORAK,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an electronic communication from St. Clair County, to Hoover, Alabama, that communication relating to the clearing of check number 8338, drawn on T.B.'s account at Commerce Bank, in the amount of $6,000, that DVORAK made payable to herself and presented for payment at Regions Bank;

In violation of Title 18, United States Code, Section 1343.

## COUNT TEN
### (Bank Fraud – 18 U.S.C. § 1344(2))

1.      Paragraphs 1 and 4 through 9 of Count One, and paragraph 2 of Count Two, of this indictment are realleged here.

2.      On or about May 29, 2019, in St. Clair County, within the Southern District of Illinois,

KATHLEEN M. DVORAK,

defendant herein, knowingly executed her scheme by depositing into T.B.'s account at Commerce Bank only $10,806.68 of a $16,806.68 check made payable to T.B., and taking the remaining $6,000 back in cash;

In violation of Title 18, United States Code, Section 1344(2).

## **FORFEITURE ALLEGATION**

As a result of the commission of the offense described in Count 1 of this Indictment,

KATHLEEN M. DVORAK

defendant herein, shall forfeit to the United States, pursuant to Title 28, United States Code, Section 2461(d), and Title 18, United States Code, Section 981(a)(1)(C), any and all property constituting, or derived from, any proceeds said defendant obtained, directly or indirectly, as a result of said violation. The property to be forfeited includes, but is not limited to:

1. $1,523,719.08 in United States funds, in that such sum in aggregate was received as proceeds for Wire Fraud or is traceable thereto, less credit for any of the items listed in the paragraph below; and

2. $8,975 in United States funds seized from account number **7857 at the 1st Federal Savings Bank of Mascoutah, in that such sum constitutes proceeds for Wire Fraud.

**Substitute property**

In the event that any of the above-listed property or funds, as a result of any acts or omissions of the defendant, 1) cannot be located upon the exercise of due diligence, 2) has been transferred or sold to, or deposited with, a third party, 3) has been placed beyond the jurisdiction of the court, 4) has been substantially diminished in value, or 5) has been commingled with other property which cannot be divided without difficulty, the defendant shall forfeit any other of his property up to the value of the property which 1) cannot be located upon the exercise of due diligence, 2) has been transferred or sold to, or deposited with, a third party, 3) has been placed beyond the jurisdiction of the court, 4) has been substantially diminished in value, or 5) has been commingled with other property which cannot be divided without difficulty, pursuant to Title 18,

United States Code, Section 853(p).

In addition, should any of the specific property identified in this indictment be found in whole or in part to be not directly forfeitable, the United States shall, pursuant to Title 18, United States Code, Section 853(p), seek the forfeiture of said property as substitute property instead.

A TRUE BILL

*[signature]*

STEVEN D. WEINHOEFT
United States Attorney

*[signature]*

SCOTT A. VERSEMAN
Assistant United States Attorney


Recommended bond:  $10,000 unsecured