THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  20 CR 30117-SMY-01 |
| | ) |
| KATHLEEN M. DVORAK, | ) |
| | ) |
| Defendant. | ) |

## STIPULATION OF FACTS

Comes now Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, through Scott A. Verseman, Assistant U.S. Attorney for this District and herewith enter into the following Stipulation of Facts with the Defendant, Kathleen M. Dvorak, represented by her attorney, Justin A. Kuehn, pertaining to the conduct of the Defendant charged in the Indictment in this case and the relevant conduct of the Defendant within the scope of U.S.S.G. § 1B1.3.

1.      Defendant Kathleen M. Dvorak worked as a bookkeeper for an individual with the initials "T.B." Defendant's responsibilities as T.B's bookkeeper included writing checks on T.B.'s bank accounts to pay his expenses, depositing checks T.B. received from his employment into his bank accounts, and recording T.B.'s income and expenses in an electronic accounting software program known as Quicken.

2.      From at least 2015, through at least June 28, 2019, Defendant knowingly devised and engaged in a scheme to defraud T.B., and to obtain money, funds, and property belonging to T.B. by means of materially false and fraudulent pretenses, representations, and promises. During that same time period, Defendant also utilized that same scheme to obtain money, funds, and property, under the control of Commerce Bank and PNC Bank, by means of false and fraudulent

1

pretenses, representations, and promises. The deposits of both Commerce Bank and PNC Bank were insured by the Federal Deposit Insurance Corporation ("FDIC") during this time period.

3. The object of Defendant's scheme was for her to obtain funds from T.B. that she was not entitled to receive.

4. Defendant wrote numerous checks, payable to herself, drawn on T.B.'s bank accounts at Commerce Bank and PNC Bank. Although she was a signatory on T.B.'s Commerce Bank account, Defendant forged T.B.'s signature on these checks in order to conceal her fraud from the banks.

5. Defendant frequently presented those checks for payment at Regions Bank and deposited some of the funds into her personal accounts.

6. On the following dates, Defendant caused interstate wire communications to take place between Regions Bank in St. Clair County, Illinois, and the bank's Riverchase Operations Center in Hoover, Alabama: (1) Count One – November 5, 2015 – communication relating to the clearing of check number 7864, drawn on T.B.'s account at Commerce Bank, in the amount of $2,000, that Defendant made payable to herself and presented for payment at Regions Bank; (2) Count Three – September 27, 2016 – communication relating to the clearing of check number 8073, drawn on T.B.'s account at Commerce Bank, in the amount of $2,500, that Defendant made payable to herself and presented for payment at Regions Bank; (3) Count Five – May 16, 2017 – communication relating to the clearing of check number 8175, drawn on T.B.'s account at Commerce Bank, in the amount of $5,000, that Defendant made payable to herself and presented for payment at Regions Bank; (4) Count Eight – September 4, 2018 – communication relating to the clearing of check number 8283, drawn on T.B.'s account at Commerce Bank, in the amount of $4,000, that Defendant made payable to herself and presented for payment at Regions Bank; and

(5) Count Nine – March 11, 2019 – communication relating to the clearing of check number 8338, drawn on T.B.'s account at Commerce Bank, in the amount of $6,000, that DVORAK made payable to herself and presented for payment at Regions Bank. It was reasonably foreseeable to Defendant when she deposited and cashed the checks she wrote to herself that this would cause electronic communications to take place in interstate commerce for purposes of clearing those checks.

7. It is the position of the United States that Defendant fraudulently wrote and deposited into her accounts or cashed a total of $794,725.38 in checks payable to herself drawn on T.B.'s Commerce Bank account. It is further the position of the United States that Defendant fraudulently wrote and deposited into her accounts or cashed an additional $114,975 in checks payable to herself drawn on T.B's PNC Bank account. Defendant reserves the right to dispute these loss totals.

8. Defendant concealed her fraud from T.B. by making false, fraudulent, and misleading entries into the Quicken program. For some of the checks she wrote to herself, Defendant entered false and fictitious vendors as the payees in the Quicken program. For other checks she wrote to herself, Defendant duplicated the payee names from other checks, making it appear that that payee had received two payments, when, in fact, the payee had received only one payment.

9. On numerous occasions, when she deposited checks payable to T.B. into his accounts at Commerce Bank, Defendant requested large amounts of cash back from the checks. Defendant was not entitled to receive this cash. Although she was a signatory on T.B.'s Commerce Bank account, Defendant forged T.B.'s signature on the deposit slips for these transactions in order to conceal her fraud from the bank.

10. On the following dates, Defendant fraudulently obtained funds under the custody and control of Commerce Bank in St. Clair County, Illinois, when she took cash back from the following checks payable to T.B.: (1) Count Two – October 6, 2015 – Defendant deposited into T.B.'s account at Commerce Bank only $11,098.40 of a $17,098.40 check made payable to T.B., and took the remaining $6,000 back in cash; (2) Count Four – October 28, 2016 – Defendant deposited in T.B.'s account at Commerce Bank only $12,174.42 of a $20,174.42 check made payable to T.B., and took the remaining $8,000 back in cash; (3) Count Six – November 16, 2017 – Defendant deposited in T.B.'s account at Commerce Bank only $3,777.72 of a $11,777.72 check made payable to T.B., and took the remaining $8,000 back in cash; (4) Count Seven – February 28, 2018 – Defendant deposited into T.B.'s account at Commerce Bank only $14,056.77 of a $22,056.67 check made payable to T.B., and took the remaining $8,000 back in cash; and (5) Count Ten – May 29, 2019 – Defendant deposited into T.B.'s account at Commerce Bank only $10,806.68 of a $16,806.68 check made payable to T.B., and took the remaining $6,000 back in cash.

11. It is the position of the United States that Defendant fraudulent received $485,002.35 in cash back from checks payable to T.B. Defendant reserves the right to dispute this loss total.

12. On occasion, Defendant transferred funds from T.B.'s Commerce Bank account directly into her accounts. It is the position of the United States that the amount of funds Defendant fraudulently transferred from T.B.'s account to her accounts was $100,370.01. Defendant reserves the right to dispute this loss total.

13. Defendant agrees that the $8,975 in United States funds seized from account number **7857 at the 1st Federal Savings Bank of Mascoutah is forfeitable to the United States.

14. Defendant further agrees that a forfeiture judgment should be entered against her in the full amount of the proceeds she received as a result of the fraud scheme charged in this case. Defendant reserves the right to dispute the amount of this forfeiture judgement

SO STIPULATED:

*[signature]*

KATHLEEN M. DVORAK
Defendant

*[signature]*

JUSTIN A. KUEHN
Attorney for Defendant

Date: 5-17-21

STEVEN D. WEINHOEFT
United States Attorney

*Scott Verseman*

SCOTT A. VERSEMAN
Assistant United States Attorney

Date: 05/18/2021

5