IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30117-SMY |
| | ) |
| KATHLEEN M. DVORAK, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Kathleen Dvorak was convicted on 10 counts for wire fraud in violation of 18 U.S.C. §§1343 & 1344 on May 19, 2021 (Doc. 20) and was sentenced on October 21, 2021 (Docs. 20, 40). Her total offense level at sentencing was 22, and her criminal history category was I. The Guideline sentencing range was 41-51 months. She was sentenced to 48 months' imprisonment (Doc. 42).

Dvorak recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 44). Pursuant to SDIL Administrative Order 362, Federal Public Defender Kim Freter entered her appearance on Dvorak's behalf in order to determine her eligibility for a sentence reduction (Doc. 46). FPD Freter has now moved to withdraw, asserting that Dvorak is ineligible for a sentence reduction under Amendment 821 (Doc. 47). Dvorak did not respond.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B

creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Aggravating factors (defendant caused financial hardship) preclude application of Amendment 821 with respect to Dvorak. As such, her criminal history category and sentencing range remain unchanged, and she is not eligible for a reduction.

Accordingly, the motion to withdraw (Doc. 47) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 24, 2024**

**STACI M. YANDLE**
**United States District Judge**